1

2

3

4

5

6

Hon. Ronald B. Leighton

7

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

| | |
|---|---|
| THE ESTATE OF DEVAN THOMAS VYBORNY, CHRISTOPHER A. VYBORNY, Administrator; CHRISTOPHER VYBORNY and JANICE VYBORNY, individually and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>THURSTON COUNTY, a municipal corporation and/or a political subdivision of the State of Washington, THURSTON COUNTY 911 DISPATCH/CALL CENTER, THURSTON COUNTY MEDIC ONE, JOHN DOE 1-10, and JANE DOE 1-10, in their individual capacities, and as employees of THURSTON COUNTY, and AIRLIFT NORTHWEST, a Washington corporation, and JOHN ROE 1-10 and JANE ROE 1-10, in their individual capacities and as employees of AIRLIFT NORTHWEST,<br><br>Defendants. | NO. 09-05197-RBL<br><br>**AIRLIFT NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br><br>JURY DEMANDED |

Airlift Northwest answers plaintiffs' complaint as follows:

## I.  ANSWER TO "PARTIES/JURISDICTION/VENUE"

1.1    Airlift Northwest lacks knowledge sufficient to form a belief as to the

AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
DEFENSES - 1
(No. 09-05197-RBL)

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

truth of the averments in paragraph 1.1 of the complaint.

1.2     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 1.2 of the complaint.

1.3     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 1.3 of the complaint.

1.4     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 1.4 of the complaint.

1.5     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 1.5 of the complaint.

1.6     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 1.6 of the complaint.

1.7     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 1.7 of the complaint.

1.8     No answer to paragraph 1.8 of the complaint is necessary, because this action has been properly removed to federal court.

1.9     In answer to paragraph 1.9 of the complaint, Airlift Northwest admits that it is a 501(c)(3) nonprofit organization incorporated under the laws of Washington.  All other averments in paragraph 1.9 of the complaint are denied.

1.10     In answer to paragraph 1.10 of the complaint, Airlift Northwest admits that it was involved in providing helicopter medical transportation services in Thurston County on July 4, 2007.  The helicopter and its pilots, however, were provided by CJ Systems Aviation Group (now Air Methods Corporation).  All other averments in paragraph 1.10 of the complaint, if any, are denied.

AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
DEFENSES - 2
(No. 09-05197-RBL)

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

## II.  ANSWER TO "FACTS"

2.1     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.1 of the complaint.

2.2     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.2 of the complaint.

2.3     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.3 of the complaint.

2.4     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.4 of the complaint.

2.5     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.5 of the complaint.

2.6     In answer to paragraph 2.6 of the complaint, Airlift Northwest admits that Thurston County 911 ("Capital Comm") contacted Airlift Northwest to inquire about the availability of a helicopter to transport plaintiffs' decedent.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 2.6 of the complaint.

2.7     Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.7 of the complaint.

2.8     In answer to paragraph 2.8 of the complaint, Airlift Northwest admits that Thurston County 911 ("Capital Comm") canceled the potential service request when the crew was in the helicopter.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 2.8 of the complaint.

2.9     In answer to paragraph 2.9 of the complaint, Airlift Northwest admits

AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
DEFENSES - 3
(No. 09-05197-RBL)

LAW OFFICES OF
**Mills Meyers Swartling**
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

that Thurston County 911 ("Capital Comm") requested helicopter transport approximately eight minutes after the cancellation of the initial inquiry and then canceled this request shortly thereafter.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 2.9 of the complaint.

2.10    In answer to paragraph 2.10 of the complaint, Airlift Northwest admits that no helicopter medical transportation was provided to plaintiffs' decedent, because the request was canceled.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 2.10 of the complaint.

2.11    Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.11 of the complaint.

2.12    Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.12 of the complaint.

2.13    Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.13 of the complaint.

2.14    In answer to paragraph 2.14 of the complaint, Airlift Northwest admits that a CJ Systems Aviation Group (now Air Methods Corporation) pilot shift change mandated by federal law occurred just prior to the first call from Thurston County 911 ("Capital Comm") to inquire about the availability of a helicopter to transport plaintiffs' decedent.  All other allegations in paragraph 2.14 of the complaint if any are denied.

2.15    To the extent that any averments of paragraph 2.15 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

knowledge sufficient to form a belief as to the truth of all other averments in paragraph 2.15 of the complaint.

2.16    Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of the averments in paragraph 2.16 of the complaint.

2.17    To the extent that any averments of paragraph 2.17 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 2.17 of the complaint.

## III.  ANSWER TO "CAUSES OF ACTION"

In answer to the preamble to section III of the complaint, Airlift Northwest incorporates by reference its answers to the same paragraphs and denies that "said allegations are supportive" of any cause of action against Airlift Northwest.

3.1     To the extent that any averments of paragraph 3.1 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 3.1 of the complaint.

3.2     To the extent that any averments of paragraph 3.2 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 3.2 of the complaint.

3.3     To the extent that any averments of paragraph 3.3 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in

AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
DEFENSES - 5
(No. 09-05197-RBL)

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

paragraph 3.3 of the complaint.

3.4     To the extent that any averments of paragraph 3.4 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 3.4 of the complaint.

3.5     To the extent that any averments of paragraph 3.5 of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 3.5 of the complaint.

## IV.  ANSWER TO "DAMAGES"

4.1     To the extent that any averments of paragraph 4.1 (including all subparagraphs) of the complaint are directed to Airlift Northwest, all such averments are denied.  Airlift Northwest lacks knowledge sufficient to form a belief as to the truth of all other averments in paragraph 4.1 of the complaint.

## AFFIRMATIVE DEFENSES

By way of further answer, without conceding that it has the burden of proof as to any issue, Airlift Northwest asserts the following affirmative defenses:

1.     Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     Plaintiffs' damages might have been caused or contributed to by the fault of plaintiff's decedent, in which case any judgment against Airlift Northwest should be reduced proportionately.

3.     Plaintiffs' injuries and damages might have been caused or contributed

AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
DEFENSES - 6
(No. 09-05197-RBL)

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

to by the fault of nonparties, including the manufacturer and seller of the cannon that injured plaintiffs' decedent, the manufacturer and seller of the charge with which the cannon was loaded, the person who loaded and fired the cannon, and any person responsible for supervising plaintiffs' decedent at the time of the accident. Any recovery from Airlift Northwest should be reduced in proportion to the degree of fault attributed to such nonparties. Airlift Northwest does not contend that CJ Systems Aviation Group (now Air Methods Corporation) or its pilots are at fault in any way, but to the extent that plaintiffs seek to impose liability based upon any acts or omissions of CJ Systems Aviation Group (now Air Methods Corporation) or its pilots, any recovery from Airlift Northwest should be reduced accordingly.

5.     Plaintiffs' damages might have been caused by intervening or superseding causes.

6.     Plaintiffs' causes of action or the applicable standard of care might be preempted by federal law.

7.     Under the facts and circumstances of this action, Airlift Northwest might be immune from suit pursuant to RCW 4.24.300.

8.     Plaintiffs might have failed to join necessary or indispensable parties.

Airlift Northwest reserves the right to amend or add affirmative defenses based upon further investigation and discovery.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Airlift Northwest demands that all issues herein be tried to a jury of twelve.

AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
DEFENSES - 7
(No. 09-05197-RBL)

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

**PRAYER FOR RELIEF**

Airlift Northwest prays for relief as follows:

1.      Dismissal of plaintiffs' action with prejudice;

2.      An award to Airlift Northwest of its attorneys' fees and costs to the extent permitted by law; and

3.      Any other relief the Court may deem just and equitable.

DATED: April 16, 2009

MILLS MEYERS SWARTLING
Attorneys for Airlift Northwest


By:     s/Geoffrey M. Grindeland
        WSBA No. 35798
        ggrindeland@mms-seattle.com
        David M. Schoeggl
        WSBA No. 13638
        dschoeggl@mms-seattle.com

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

**CERTIFICATE OF SERVICE**

2      I certify that on April 16, 2009, I electronically filed the foregoing with the

3  Clerk of the Court for the United States District Court for the Western District of

4  Washington using the CM/ECF system which will send notification of such filing to:

5          Dean L. D'Mellow
           dmellowmk@yahoo.com
6
           Jane Futterman
7          futterj@co.thurston.wa.us,olsenl@co.thurston.wa.us

8          Ronald Anthony Gomes
           rongomes@psbls.com,ron@gomeslawfirm.com
9
           David V. Klumpp
10         klumppd@co.thurston.wa.us,olsenl@co.thurston.wa.us

11     And I hereby certify that I have mailed by United States Postal Service the

12  foregoing to the following non CM/ECF participants:  N/A

13     Signed at Seattle, Washington on April 16, 2009.

14

15                              _____
                                Kendra Brown
16                              Legal Assistant

17

18

19

20

21

22

23

24

25  AIRLIFT NORTHWEST'S ANSWER & AFFIRMATIVE
    DEFENSES - 9
26  (No. 09-05197-RBL)

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343