THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE ESTATE OF DEVAN THOMAS VYBORNY, et al.,

Plaintiffs,

v.

THURSTON COUNTY, et al.,

Defendants.

No. C09-5197 RBL

ORDER DISMISSING PLAINTIFFS' CLAIMS AND AWARDING FEES AND COSTS TO AIRLIFT NORTHWEST

THIS MATTER comes before the Court on Plaintiffs' motion for voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) [Dkts. # 15 & 17].[1]  Defendant Airlift Northwest does not oppose Plaintiffs' motion to dismiss, but requests $14,049.77 in fees and costs. [Dkt. # 20].

Under Federal Rule of Civil Procedure 41(a)(2), a court may dismiss an action at a plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). A district court has discretion to condition the plaintiffs' voluntary dismissal without prejudice upon the

---

[1] On February 26, 2010, the Court issued an Order on a stipulated motion between Plaintiffs and Thurston County Defendants, [Dkt. # 22], thereby dismissing claims against the Thurston County Defendants without prejudice and ordering Plaintiffs to pay $8,000.00 in attorney fees and costs. [Dkt. # 25].

ORDER - 1

payment of costs and attorneys fees. *See Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996); *Stevedoring Servs. of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). A defendant should only be awarded attorney's fees for work that cannot be used in future litigation of plaintiffs' claims. *Westlands*, 100 F.3d at 97.

Airlift Northwest argues that while $7,151.31 of the total fees and costs was incurred for work that is likely to be useful if Plaintiffs re-file,[2] $14,049.77 will be unnecessary or repeated in future litigation. [Dkt. # 21 at 3-4]. Airlift Northwest's claimed fees and costs are summarized as follows:

| Work | Requested Fee |
| --- | --- |
| Planning, analysis, and client reporting | $5,131.00 |
| Removal to federal court | $1,332.50 |
| Joint status report, initial disclosures, and extension/dismissal | $4,265.58 |
| Pleadings and legal research | $2,606.69 |
| Experts | $714.00 |
| **TOTAL** | $14,049.77 |

The Court finds that the $4,265.58 incurred while scheduling and holding the FRCP 26(f) conference, drafting and filing the joint status report, drafting and serving initial disclosures, and negotiating with Plaintiffs' counsel regarding the proposed dismissal is recoverable because that work will be unnecessary or repeated in future litigation. All other claimed fees and costs are not recoverable because that work can be used in future litigation. If, however, Plaintiffs re-file and do not assert a claim giving rise to federal-question jurisdiction, the $1,332.50 Airlift Northwest incurred in removing the case to federal court is recoverable because it is unnecessary for future litigation.

Therefore, IT IS HEREBY ORDERED that all claims against Airlift Northwest are dismissed without prejudice. If Airlift Northwest is again made a party to any action arising out of the same facts

---

[2] This work involved discovery and factual investigation, such as witness interviews and document review. [Dkt. # 21 at 3].

ORDER - 2

1  and circumstances, Plaintiffs shall pay Airlift Northwest $4,265.58 in attorney fees and costs incurred for
2  work that cannot be used in a subsequent action.  If Plaintiffs choose not to assert a federal-question claim
3  in the other action, then Plaintiffs must compensate Airlift Northwest for the $1,332.50 spent removing
4  the case to federal court.
5
6       DATED this 23rd day of March, 2010.

        /s/ Ronald B. Leighton
        RONALD B. LEIGHTON
        UNITED STATES DISTRICT JUDGE

ORDER - 3